## CLARAMONT v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
June 15, 1928.

No. 5249.

1. Aliens ⬤�área56—Person arranging while in Cuba for bringing in alien not entitled to enter held criminally liable, though not physically present in United States.

Person arranging while in Cuba to bring into and land in the United States an alien not entitled to enter *held* criminally liable, though not physically present in United States when transaction was begun and consummated, since by procuring commission by other persons of offense he became amenable to criminal laws of the United States, though beyond its jurisdiction.

2. Criminal law ⬤➛1175—Propriety of conviction under second count is not material, where punishment did not exceed that authorized under first count.

Where punishment imposed after conviction on two counts was not in excess of that which could properly be imposed on conviction of offense charged in first count, it is not material whether conviction under second count was proper.

In Error to the District Court of the United States for the Southern District of Florida; William B. Sheppard, Judge.

Danton Claramont was convicted of unlawfully counseling and procuring the bringing into and landing in the United States from Cuba of an alien not entitled to enter, and he brings error. Affirmed.

E. R. Dickenson, of Tampa, Fla. (Edwin R. Dickenson and Dickenson & Diaz, all of Tampa, Fla., on the brief), for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla. (Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. [1] The plaintiff in error, Danton Claramont, was convicted in the same trial which resulted in the convictions which were reviewed in the cases of Emmanuel v. United States (C. C. A.) 24 F.(2d) 905, and Smith v. United States (C. C. A.) 24 F.(2d) 907. As to him, each of the counts under which he was convicted, the first and second, charged that he did unlawfully, etc., counsel and procure the bringing into and landing in the United States from Cuba, by means alleged, of a named alien, not entitled to enter the United States; other accused being charged in the same counts with unlawfully, etc., bringing into and landing that alien in the United States. The court's refusal to direct a verdict of not guilty is complained of on the ground that the only evidence of plaintiff in error's participation in the transactions alleged was as to what he did while he was in Cuba; that evidence being to the effect that in Cuba Claramont arranged with other accused to bring into and land in the United States the alien named in the first count, and was there paid for so doing, the bringing of such alien into the United States being effected by other accused. For such participation in the criminal offense charged in the first count of the indictment, amounting to the counseling and procuring alleged, Claramont was criminally liable, though he was not physically present in the United States when the alleged unlawful transaction was begun and consummated. By so procuring the commission by other accused of the offense charged, Claramont became amenable to the criminal laws of the United States, though at the time he was beyond its jurisdiction. Ford v. United States, 273 U. S. 593, 619, 47 S. Ct. 531, 71 L. Ed. 793. As to the first count, the ruling in question was not erroneous.

[2] As the punishment imposed was not in excess of what properly could be imposed on conviction of the offense charged in the first count of the indictment, it is not material to determine whether Claramont was properly convicted under the second count.

Other questions presented were disposed of in the above-cited cases, dealing with convictions under the same indictment. The record shows no reversible error.

The judgment is affirmed.