CALDWELL *v.* STATE.

(Division B.   May 4, 1936.)

[167 So. 779.   No. 32119.]

**C. B. Wright**, of Belmont, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Anderson, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the circuit court of Tishomingo county for the murder of one Ed Johnson, and sentenced to the penitentiary for life; the jury having returned a verdict of guilty, but disagreeing as to the punishment.

The fatal blow that resulted in Johnson's death occurred in Hardin county, Tenn.; he died the next day in Tishomingo county, in this state. Appellant fled to Tishomingo county, and was there apprehended. Johnson's death was caused by two blows on the head with a cue wielded by appellant. The evidence for the state was ample to sustain the conviction.

We have here, therefore, a crime begun in Tennessee and consummated in Mississippi. Appellant plead to the jurisdiction of the court, in substance, as follows: That the indictment and prosecution in this state were in violation of the Sixth Amendment to the Federal Constitution; that the crime was committed in Tennessee and no part of it in this state, although Johnson died in this state; and that before appellant was apprehended in this state a prosecution had been instituted against him in Tennessee charging him with assault and battery and intent to kill and murder Johnson, "of which the authorities in Tishomingo County had knowledge."

The Sixth Amendment to the Federal Constitution provides that in all criminal prosecutions the accused shall have the right to a speedy public trial, by an impartial jury of the state and district wherein the crime was committed, which district shall have been previous-

ly ascertained by law, and to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense. The amendment has no application to state action; it is not a limitation of the powers of the states, and it is confined alone to federal action. Eilenbecker v. District Court of Plymouth County, 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; Ughbanks v. Armstrong, 208 U. S. 481, 28 S. Ct. 372, 52 L. Ed. 582; Howard v. Kentucky, 200 U. S. 164, 26 S. Ct. 189, 50 L. Ed. 421.

Section 1187, Code 1930, provides, among other things, that: "If the mortal stroke or cause of death occur or be given or administered in another state or country and the death happen in this state, the offender may be indicted and tried in the county in which the death happened." Johnson's death in this state was an essential part of the crime of murder; it was the completion of the crime. Other states have the same character of statute. There is no constitutional provision standing in the way of such a statute. Wharton on Homicide (3 Ed.) sec. 555.

Appellant relies on Atkinson v. State, 132 Miss. 377, 96 So. 310, to sustain the position that the courts in Mississippi were without jurisdiction because prosecution for the offense had been instituted in the state of Tennessee. That decision is not in point. The wound that caused Atkinson's death was inflicted in Leake county, and he died in Hinds county, both in this state. He was indicted and convicted in Hinds county of manslaughter. When he was indicted in Hinds county, prosecution had already been begun in Leake county. The court discussed section 1186 of the Code 1930, which provides that: "When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different

counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.'' In that case the entire crime was committed in this state from the beginning to consummation, and, furthermore, section 1186, by its plain language, refers alone to inter-county crimes, and not interstate.

The other question argued is not of sufficient merit to call for a discussion.

Affirmed.