### KRAMER v. UNITED STATES.
#### No. 10593.

Circuit Court of Appeals, Ninth Circuit.

Jan. 30, 1945.

John S. Cooper, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and William L. Ritzi, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from a judgment of conviction upon each of three counts of an indictment charging in the first count importation of opium into the United States, in Count Two, transportation and concealment of it after importation, and in Count Three, conspiracy to commit the offenses charged in the other counts. After plea of not guilty the defendant was tried by the court without a jury, jury being waived. The sentences were for two years in the penitentiary on each count, the sentences to run concurrently. After the court announced that defendant would be found guilty on all counts and had remanded defendant to custody to await sentence, defendant's counsel moved "to vacate the verdict and decision" made and for a new trial for errors of law and because the verdict and decision were contrary to law and to the evidence, and upon the ground of proposed newly discovered evidence.

All the specifications of error may be reduced to one that the evidence was legally insufficient to sustain a finding of guilt on any of the three counts. It is well settled that upon conviction and sentence under each of several counts in one indictment, if the sentences are for equal terms and concurrent, a failure of proof as to one or more counts does not constitute reversible error when the evidence suffices as to one good count. United States v. Trenton Potteries Co., 273 U.S. 392, 402, 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; Maddelin v. United States, 7 Cir., 46 F.2d 266, 268; Claramont v. United States, 5 Cir., 26 F.2d 797; Savage v. United States, 9 Cir., 270 F. 14, 17.

Defendant argues that proof failed in this case to establish the offense charged in the first count, namely, knowingly and wilfully bringing narcotics into the United States (21 U.S.C.A. §§ 173, 174). The argument is that he did not import the opium because it was seized at the Mexican border by customs officers of the United States who there took it from the person of Wilson (a companion of defendant) after she had brought it across the line; that the importation occurs at the instant the narcotics are brought across the international line, and that defendant did not then have the narcotics in his possession and was not charged with "assisting" in bringing them across. Since there was evidence which, if believed, established that defendant procured Wilson to take into the United States the narcotics hidden within her dress, it sufficed to prove that Wilson brought them into the United States. That would sustain conviction under the first count.

There was evidence under Count Two that after inspection at the international line within the United States defendant, with Wilson in his car, drove by command of officers to the Customs House where search was made and the narcotics actually found and seized from Wilson. There was a short distance of transportation within the United States, within the terms of the statute.

Appellant's contention that conviction of the objective offense (counts One and Two), bars conviction for conspiracy to commit them, is untenable (United States v. Rabinowich, 238 U.S. 78, 35 S. Ct. 682, 59 L.Ed. 1211, citing many cases).

204

The proffered newly discovered evidence was not sufficient to make the denial of a new trial an abuse of discretion, since it tended only to lessen but did not destroy the credibility of evidence taken at trial, which was sufficient to sustain conviction. The judgment is affirmed.

Affirmed.