**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ray CORREA–NEGRON, Defendant-Appellant.**

**No. 71–2588.**

United States Court of Appeals, Ninth Circuit.

June 15, 1972.

Rehearing Denied July 24, 1972.

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for defendant-appellant.

Shelby R. Gott, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and WHELAN, District Judge.*

PER CURIAM:

Appellant's contention that the trial court should have dismissed the action because the government placed material witnesses out of the reach of appellant's subpoena power is not supported by the record. First, appellant did not move the trial court for an order dismissing the indictment herein. Second, there is no showing whatsoever that the government ever found any of the other aliens who accompanied Mr. and Mrs. Juarez across the international boundary line.

Appellant's contention that the judgment must be vacated and the cause remanded in order to afford appellant a competency hearing is likewise without merit. There is nothing in the record to suggest that appellant was mentally

* The Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

incompetent. Nor did the trial court abuse its discretion in the sentencing of appellant.

■ Appellant's contention that there was no evidence of conspiracy is frivolous. The evidence of the prosecution established a conspiracy between defendant, one Huero, and others. The overt acts charged in the indictment were committed in the United States; and the conspiracy charged had for its object crime in the United States although carried on partly in and partly out of the United States. Thus, the conspiracy was within the jurisdiction of the United States. Ford v. United States, 273 U.S. 593, 624, 47 S.Ct. 531, 71 L.Ed. 793.

■ The contention of appellant that there is insufficient evidence to convict appellant of encouraging and inducing the illegal entry of aliens is likewise frivolous. The evidence establishes that the defendant met with Mr. and Mrs. Juarez in Mexico, told them he would get them into the United States, and introduced them to Huero, telling them in effect that Huero would provide the method for their illegal entry. This Huero did. Also defendant told the Juarez's that he would meet them in San Diego to assist them in travel to Los Angeles. The fact that these acts and conversations took place in Mexico does not make the defendant any less guilty. Claramont v. United States, 26 F.2d 797 (5th Cir.)

The contention that there is insufficient evidence to support appellant's conviction of harboring aliens is likewise frivolous. The defendant met the Juarez's again at a San Diego hotel where the Juarez's had been taken by Huero's helper. From San Diego the aliens traveled north in an automobile supplied by defendant; he told them to wait until instructed by him that it was safe to proceed through the area on the highway where searches of automobiles for aliens are intermittently maintained. Such evidence is clearly sufficient to support the verdict of guilt.

The judgment is affirmed.