**Carl Leroy LEONARD, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-1740**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1974.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Hartwell Davis, Montgomery, Ala. (Court-appointed), for petitioner-appellant.

Ira DeMent, U. S. Atty., Wade B. Perry, Jr., Asst. U. S. Atty., Montgomery, Ala., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the appellant's motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant, represented by privately retained counsel, was convicted on his plea of guilty of the charge of rape on land within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2031. He was sentenced to 30 years imprisonment. In his motion to vacate sentence, appellant alleged as grounds for relief that the district court was without jurisdiction because the crime did not occur within the boundaries of federal lands. The district court denied relief based upon a finding that the crime originated and was partially committed on federal lands although some of the acts involved transpired elsewhere.

The undisputed facts show that appellant accosted his victim in the parking lot of the Airman's Dining Hall on Maxwell Air Force Base. He showed her a screwdriver and told her he wouldn't hurt her if she accompanied him. He hit and stabbed her with the screwdriver, forced her into his automobile, then drove to a motel off the base where actual penetration occurred. Appellant contends that the rape occurred off the base and, therefore the federal court was without jurisdiction.

A sovereign has jurisdiction to try an offense where only a part of that offense has been committed within its boundaries. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1922); Rivard v. United States, 375 F.2d 882 (5th Cir. 1967), cert. denied, Groleau v. United States, 389 U.S. 884, 88 S.Ct. 151, 19 L.Ed.2d 181; also United States v. Vicars, 467 F.2d 452 (5th Cir. 1972), cert. denied, 410 U.S. 967, 93 S.Ct. 1451, 35 L.Ed.2d 702; United States v. Correa-Negron, 462 F.2d 613 (5th Cir. 1972); People v. Buffum, 40 Cal.2d 709, 256 P.2d 317 (1953); Caldwell v. State of Miss., 176 Miss. 80, 167 So. 779 (1936). Therefore, if appellant committed a part of the crime on federal lands, the federal court had jurisdiction.

"The federal crime of rape carries with it the requirement of proof of the use of force by the offender and of an absence of consent by the victim." Williams v. United States, 327 U.S. 711, 715, 66 S.Ct. 778, 780, 90 L.Ed. 962 (1946). *See also* United States v. Bryant, 137 U.S.App.D.C. 124, 420 F.2d 1327 (1969); Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963), cert. denied, 376 U.S. 972, 84 S. Ct. 1139, 12 L.Ed.2d 86; United States v. Rider, 282 F.2d 476 (9th Cir. 1960). In this case the element of force em-

ployed by appellant to achieve his purpose began on federal lands and continued to the consummation of the crime at a site off the Air Force Base. We conclude that the trial court had jurisdiction and the judgment of conviction is affirmed.

Issues raised in the appellate briefs for the first time will not be considered by this court, but should first be presented to the district court.

Affirmed.