**Samuel T. BRIGHT, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Feb. 5, 1985.

Decided: March 27, 1985.

Richard M. Baumeister, Asst. Public Defender, Wilmington, for appellant.

Timothy J. Donovan, Deputy Atty. Gen., Wilmington, for appellee.

Before McNEILLY, HORSEY, and MOORE, JJ.

MOORE, Justice:

Samuel T. Bright, appeals his convictions for three counts of Rape in the First Degree and two counts of Attempted Rape in the First Degree. These, and other charges, arose out of a continuous series of events that occurred on February 26, 1983. The defendant robbed a convenience store in Delaware, kidnapped the store clerk, and apparently drove back and forth over the Delaware-Maryland border, raping his victim at two different locations before she was able to escape in Delaware. In appealing the rape convictions, Bright first contends that Delaware did not have jurisdiction to prosecute him for those crimes, because the State never conclusively showed that they occurred in Delaware. The defendant also argues that, in violation of the corpus delicti rule, his extrajudicial statement was improperly admitted to determine the situs of his sexual acts. We find these assertions unpersuasive and affirm the defendant's convictions.

I

On February 25, 1983, at 11:00 p.m., the victim reported to work as a clerk at the 7–11 store on Route 896 in Newark, Delaware. Around 4:30 a.m. on the morning of February 26th, the defendant, Samuel T. Bright, entered the store and demanded all of the money in the cash register. He displayed what appeared to be a weapon hidden in his sweatshirt and said, "You don't want me to use this". The defendant took thirteen dollars from the cash register and ordered the clerk to accompany him. The victim got into Bright's truck, and they proceeded to a gas station on Routes 40 and 896, still within Delaware. After leaving the gas station, Bright drove toward Maryland and told the victim that he was taking her to Maryland. The victim testified that he asked her whether she had "done wild things" with her boyfriends or had done "anything kinky". The defendant then stopped the car a couple miles from the gas station, and picked up a gun which he placed in the waistband of his pants. He then continued driving, eventually pulling the truck into a clearing. Bright stated that he was not going to let

the victim go unless she made him "feel good". At this point, he took out his gun and laid it on the floorboard of the truck. Bright then forced the victim to perform an act of fellatio upon him.

Following that incident, the defendant continued to drive for several more hours around the various roads located close to the Delaware-Maryland border. After it became light, the victim was forced to lie down so she would not be seen. The victim testified that they stopped at a Burger King restaurant, the location of which she could not determine because she was lying down, and at a Roy Rogers restaurant which she recognized as being in Newark, Delaware, on Route 896. The defendant eventually stopped the car in another clearing and after tying a white shirt sleeve to the truck, got out and forced the victim to go with him. In the clearing the defendant again forced the victim to engage in fellatio, and Bright then attempted both anal and vaginal intercourse with the woman. Evidently, there was no penetration because the defendant did not have an erection. Before the two left the clearing, the victim was forced to engage in oral sex once again.

When the pair returned to the car, the defendant started driving again. As the truck was moving, the victim jumped from the truck. A motorist picked her up and drove her to a small store where police were waiting. Another police officer who had seen the victim jump from the truck, which was in Delaware at the time, followed the truck and later apprehended the defendant.

The defendant was given *Miranda* warnings, both orally and in a written statement. He was advised that he was being charged with rape and kidnapping. Bright subsequently gave a statement which was tape-recorded and transcribed. In his account, the defendant said that he picked the victim up on the road, and that she voluntarily consented to perform oral sex,

which occurred twice at one location in Delaware. According to the defendant's statement, the victim then said she wanted to return to the 7–11 and jumped from the truck.

Bright was subsequently found guilty, after a jury trial, of Kidnapping in the First Degree, Robbery in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, three counts of Rape in the First Degree, two counts of Attempted Rape in the First Degree and Escape in the Second Degree. The defendant received six consecutive sentences of life imprisonment plus nine additional years for the lesser offenses. The defendant now appeals from the three rape and two attempted rape convictions.

## II

Bright argues that the State of Delaware does not have jurisdiction to try him for rape where it has never proven that the sexual attacks occurred in Delaware. As the recitation of the facts indicate, it was never conclusively established where the rapes and attempted rapes occurred. The victim's testimony seems to indicate that the first rape may have occurred in Maryland. The defendant's pre-trial statement asserts that the victim had oral sex with the defendant twice at one location in Delaware.

■ According to the common law territorial theory of jurisdiction, a state's criminal law reaches only those wrongs which are deemed to have their situs in that one state. Under this approach, only one state could possibly have jurisdiction to punish any given crime. W. LaFave & A. Scott, Handbook on Criminal Law, § 17 (1972).

■ Delaware retains the requirement that the State must prove, as part of its prosecution, that the conduct constituting the offense charged occurred in Delaware. 11 *Del.C.* § 232.[1] *See James v. State*, Del. Supr., 377 A.2d 15 (1977). However, like a

---

1. Section 232 provides in pertinent part that, "[f]acts establishing jurisdiction ... must also be proved as [an] element of the offense." 11 *Del.C.* § 232.

number of other states, Delaware has enlarged its criminal jurisdiction by statute. Two sections of the Delaware Criminal Code deal specifically with the court's territorial jurisdiction. Section 204 provides in pertinent part:

(a) Except as otherwise provided in this section a person may be convicted under the law of this State of an offense committed by his own conduct or by the conduct of another for which he is legally accountable if:

(1) Either the conduct or the result which is an element of the offense occurs within Delaware;

11 *Del.C.* § 204(a)(1). Section 2736 provides:

If any criminal offense is begun in this State and completed elsewhere, it shall be deemed to have been committed in this State, and may be dealt with, inquired of, tried, determined and punished in this State in the same manner as if it had been actually and wholly committed in this State.

11 *Del.C.* § 2736.

■ We read these two sections to provide jurisdiction in Delaware whenever conduct which is part of a multi-element crime is committed in Delaware, or when a criminal offense begins in Delaware even though it is completed in another state. Support for this broad interpretation of Delaware's territorial jurisdiction is found in the commentary to Section 204 which states: "the intention of the section is to extend Delaware's criminal jurisdiction as widely as it constitutionally may be extended. . . .

Both first degree rape and attempted rape are multi-element crimes. Section 764 provides:

A male is guilty of rape in the first degree when he intentionally engages in

sexual intercourse with a female without her consent, and:

(1) In the course of the offense he inflicts serious physical, mental or emotional injury upon the victim, or

(2) The victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact.

Rape in the first degree is a class A felony.[2] 11 *Del.C.* § 764. Pursuant to Section 531, a defendant is guilty of Attempted First Degree Rape when he "[i]ntentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime." 11 *Del.C.* § 531(2). Thus, we will focus exclusively on the elements of first degree rape because the two counts of attempted rape require proof of the same elements. In this case the defendant was charged with two attempted rapes because there was no penetration when Bright attempted the anal and vaginal rapes without an erection.

■ The three elements that must be proven to establish Rape in the First Degree are: (1) intentional sexual intercourse with a female, (2) without her consent and (3) the victim was not the defendant's voluntary social companion and had not permitted the defendant previous sexual conduct. Sexual intercourse is without consent when "the defendant compels the victim to submit by force or by threat of imminent death, serious physical injury, extreme pain or kidnapping. . . ." 11 *Del.C.* § 767. Thus, the existence of coercion is a factor in establishing the victim's lack of consent. Here, the defendant abducted the victim at gunpoint from her place of employment. The victim testified that she did not attempt to escape for the first eight

---

**2.** Sexual intercourse is defined at Section 773 as:

any act of coitus between male and female and includes intercourse with the mouth or anus. It occurs upon any penetration, however slight. Emission is not required. For purposes of this chapter, sexual intercourse shall include any act of cunnilingus.

11 *Del.C.* § 773(b).

hours of her capture because she feared that she would be shot. Thus, her lack of consent was clear from the outset of her abduction in Delaware. Force and the threat of death or serious physical injury were present from the moment Bright abducted the victim in Delaware, and their existence continued through the entire ordeal.

■ The State also has to prove, as an element of rape in the first degree, that the victim was not the defendant's voluntary social companion on the occasion of the crime, and had not previously permitted him sexual contact. Here, that element is proven by events that exclusively occurred in Delaware. A woman who is kidnapped at gunpoint from her place of employment by a stranger is not a voluntary social companion. The victim also testified that she did not know the defendant before he came into the 7–11 store to rob and kidnap her.

■ The only remaining element of first degree rape is the sexual intercourse, which involved the victim's mouth. As for the attempted first degree rape, the only remaining element is the attempted sexual intercourse. While there is evidence that the first act of oral sex occurred in Maryland, this is not fatal to Delaware's jurisdiction. Sexual intercourse is only one element of the crime of first degree rape. As we have discussed, our courts have jurisdiction when part of the criminal conduct transpired in Delaware. Here, two of the three essential elements of the offense of first degree rape occurred in this State. Thus, we are satisfied that Delaware's exercise of jurisdiction in this case was both proper and necessary.

Furthermore, we find that Delaware's right to prosecute the rape charges is also consistent with the language of Section 2736. Those offenses were part of a continuing course of conduct by the defendant that began when the victim was abducted at gunpoint in Delaware, and did not end until she jumped from the truck in Delaware. Again, the fact that the offenses may not have been wholly committed in Delaware does not defeat our jurisdiction to prosecute those crimes.

Several other jurisdictions have recognized that "the elements of first degree rape may occur over a period of time and in more than one jurisdiction." *State v. Jones,* 51 Md.App. 321, 443 A.2d 967 (1982). *See also, Leonard v. United States,* 500 F.2d 673 (5th Cir.1974). Both *Jones* and *Leonard* determined that jurisdiction existed to prosecute a rape charge even though the act of sexual intercourse occurred outside of the trial courts' physical jurisdictional limits.

The defendant in *Leonard v. United States* accosted a woman on an Air Force Base in Alabama and then drove to a motel off base where criminal intercourse occurred. The Fifth Circuit determined that because the defendant began employing force on federal lands, the federal court had jurisdiction.

In *State v. Jones,* the Maryland Court of Special Appeals ruled that Maryland had jurisdiction to prosecute a rape where a victim was abducted in that state, but sexual intercourse occurred in the District of Columbia. The court reasoned that force was applied in the initial abduction of the victim, consent was withheld in Maryland, and the victim was placed in imminent fear of kidnapping in Maryland. *State v. Jones,* 51 Md.App. 321, 443 A.2d 967, 972 (1982). *See also Adair v. United States,* D.C.Ct. of App., 391 A.2d 288 (1978) (District of Columbia found to have jurisdiction to convict the defendant, who accosted a victim in the District, of mayhem and assault with a dangerous weapon even though the actual attack and malicious disfigurement occurred in Maryland).

Because a part of the crime of rape conclusively occurred in Delaware, we are satisfied that Delaware retains jurisdiction to prosecute that offense. Furthermore, we note that this result comports with the sound public policy of insuring that individuals are held accountable for the crimes

that they commit. Were Delaware to decline jurisdiction over the rape offenses on the ground that the situs of the sexual intercourse could not be proven, there is no guarantee that Maryland would be able to better prove that the offenses occurred there. This hardly comports with the legislative intent and mandate of 11 *Del.C.* §§ 204 and 2736.

### III

The defendant's second argument deals with the admissibility of his extrajudicial statement as proof of the situs of the second set of rapes. He analogizes to the corpus delicti rule, and reasons that a confession without independent proof of jurisdiction is insufficient to establish the place of the crime. There is no merit to this argument, as the corpus delicti rule does not deal with jurisdiction. It merely requires some evidence of the existence of a crime, independent of the defendant's confession, to support a conviction. *See, e.g. Stokes v. State*, Del.Supr., 402 A.2d 376, 382 (1979); *Johnson v. State*, Del.Supr., 338 A.2d 124, 125 (1975). The purpose of the corpus delicti rule is to prevent individuals from being convicted for a crime by confession when there is no other evidence that a crime has been committed. *Lemons v. State*, 49 Md.App. 467, 433 A.2d 1179, 1181 (1981). Thus, once the State has produced some evidence of a crime, independent of the defendant's statement, then the policy behind the corpus delicti rule is satisfied and the confession may be admitted into evidence.

Here, the victim's testimony amply supported the existence of a crime, and the trial court did not err in admitting the defendant's extrajudicial statement. Once the corpus delicti, or occurrence of a crime, has been established, the State may introduce any appropriate evidence to establish the specific elements of the crime. In this case, the jurors were properly permitted to consider the defendant's statements about the situs of his acts.

For the foregoing reasons the defendant's convictions for rape and attempted rape are

AFFIRMED.