804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Gregory GOODLOE, Appellant.
 No. 86-5017.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 6, 1986.
 
 Brenda LaVerne Page, on brief, for appellant.
 William G. Otis, Assistant U.S. Attorney (Henry E. Hudson, U.S. Attorney; Lawrence J. Leiser, Assistant U.S. Attorney; Mary Fernan, Third-Year Law Student, on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the appellant from his conviction of rape on the military base at Fort Belvoir, Virginia in violation of Section 2031, 18 U.S.C. After conviction but before sentencing, the defendant changed counsel. Following the defendant's sentencing, he filed through his new counsel this appeal raising two issues: 1. The denial of effective representation by his trial counsel; 2. Error in failing to grant judgment of acquittal for want of proof of penetration. He also sought to have this Court grant a new trial on after-discovered evidence based on a motion after this appeal had been filed in this Court. We find no merit in any of these claims and affirm the defendant's conviction.
 
 
 2
 Ordinarily pleas of ineffective representation of counsel are not entertained on direct appeal from the judgment in the case and should be presented in a subsequent Section 2255 proceeding. It is only "where it conclusively appears in the trial record itself that the defendant was not provided on trial with effective representation" that the Court will consider on direct appeal a claim of ineffective representation. United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). The rationale for this rule was stated in Mandello:
 
 
 3
 It would be grossly unfair to trial counsel to fault his representation without having in the record some statement from him. Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation.
 
 
 4
 All the charges of ineffective representation made against the trial counsel in this case may well have represented decisions made as an incident of reasonable trial strategy. As such they are not appropriate grounds for direct appeal in this case.
 
 
 5
 The defendant claims that the district court erred in failing to grant the defendant a directed verdict of acquittal because of the failure to prove penetration. In support of this point the defendant relies on the strict Virginia requirement for proof of penetration. See Bailey v. Commonwealth, 82 Va. 107, 113, Sec. Am.St.Rep. 87 (1886); McCall v. Commonwealth, 192 Va. 422, 426, 65 S.E.2d 540 (1951). The flaw in this argument is that this prosecution is not under Virginia law but is based on a federal statute covering rapes committed "within the ... territorial jurisdiction of the United States." United States v. Smith, 574 F.2d 988, 990 (9th Cir.1978), cert. denied, 439 U.S. 832; Leonard v. United States, 500 F.2d 673, 674 (5th Cir.1974). Under the federal statute, rape is defined as carnal knowledge of a female by force or threat of force. United States v. Smith, supra, at 990. The victim in this case testified that the defendant had intercourse with her against her consent and by the use of force and the threat of force. The defendant himself admitted he "had sex" but claimed it was with consent and not by force. The question of guilt was clearly one for the jury and the district judge did not err by denying a directed verdict on the ground assigned.
 
 
 6
 Finally, the defendant's motion for a new trial for newly discovered evidence should be presented to the district court and may not be granted on direct application to this Court.
 
 
 7
 The judgment of conviction herein is accordingly
 
 
 8
 AFFIRMED.