FILED
United States Court of Appeals
Tenth Circuit

October 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY GOODLOE,

      Petitioner - Appellant,

v.

UNITED STATES PAROLE
COMMISSION; GARY K.
WATKINS,

      Respondents - Appellees.

No. 09-1017
(D. Colo)
(D.Ct. No.1:06-CV-00212-CMA-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore

ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation –
(unpublished). 10th Cir. R. 32.1(A).

Gregory Goodloe, a former federal prisoner appearing pro se,[1] appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. The district court concluded Goodloe failed to exhaust administrative remedies and dismissed his petition. Because Goodloe has been mandatorily released from federal custody pursuant to 18 U.S.C. § 4163, we conclude this appeal is moot.

## I. BACKGROUND

In 1986, Goodloe was convicted in federal court of rape and sodomy. He was sentenced to twenty years imprisonment for rape and a concurrent term of five years for sodomy. The conviction was affirmed on direct appeal. *See United States v. Goodloe*, 804 F.2d 678 (table), No. 86-5017, 1986 WL 17956 (4th Cir. Nov. 6, 1986). Goodloe was paroled on May 22, 1993.[2] His parole was revoked in July 1995. He was paroled again on August 3, 1995. That parole was revoked in October 1996. He was paroled for a third time on April 13, 1998.

---

[1] We liberally construe Goodloe's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Before November 1, 1987, the terms of federal sentences were governed by the Parole Commission and Reorganization Act of 1976 (PCRA), Pub. L. No. 94-233, 90 Stat. 219-231 (codified as amended at 18 U.S.C. §§ 4201-4218 (1982)). *See Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004). On November 1, 1987, the Sentencing Reform Act of 1984 (SRA), Pub. L. No. 98-473, 98 Stat. 1987 (1984), became effective, repealing and replacing the PCRA. *See id.* "Under the SRA, parole was to be abolished, the Parole Commission was to be phased out, and prisoners were to serve uniform sentences under sentencing guidelines." *Id.*

On October 18, 2002, the United States Parole Commission issued a warrant based on Goodloe's failure to report a change of address. Goodloe surrendered on November 12, 2002. On December 6, 2002, the Parole Commission supplemented the warrant with a new administrative violation. On February 24, 2003, the Commission again supplemented the warrant based on a state court complaint charging Goodloe with fifteen counts of sexual assault on a child, fifteen counts of sexual assault on a child by one in a position of trust and fifteen counts of aggravated incest.

On May 13, 2003, a parole revocation hearing was held. The hearing examiner determined Goodloe committed the offense of sexual assault on a child. He recommended Goodloe serve only the time remaining on his sentence. (Respondent's Answer to Order Show Cause at 9.) The Parole Commission concurred with the hearing examiner and Goodloe received a Notice of Action dated May 29, 2003, advising him of the decision. Goodloe received credit for the time he was on parole ("street time") and was ordered to continue incarceration to the expiration of his sentence, which was believed to be on or about June 3, 2005.

The Notice of Action informed Goodloe the revocation was appealable to the National Appeals Board pursuant to 28 C.F.R. § 2.26. It stated Goodloe could obtain appeal forms from his caseworker or supervising officer and the forms must be filed with the Parole Commission within thirty days of the date the

Notice of Action was sent. Goodloe did not file an appeal.

On February 19, 2004, Goodloe pled guilty to criminal attempt to commit sexual assault on a child in state court and was sentenced to six years imprisonment to run concurrent with his federal sentence. Based on this plea, the Parole Commission issued a Notice of Action on February 16, 2005, reopening Goodloe's case and scheduling a special reconsideration hearing for February 28, 2006, to address forfeiture of the "street time" that had previously been credited towards his sentence. The Notice of Action stated the decision was not appealable. (*Id.* at 143.)

On February 7, 2006, Goodloe filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing: (1) the Parole Commission violated his right to due process by conducting a parole revocation hearing on May 13, 2003, and considering a criminal charge for which Goodloe had not been formally charged in state court; (2) the Parole Commission violated his right to equal protection; and (3) the Parole Commission's decision to consider revocation of his parole was based on inaccurate information.[3] Goodloe sought to enjoin the hearing scheduled for February 28, 2006.

The district court took no action on Goodloe's request for an injunction and the hearing proceeded on February 28, 2006. Goodloe refused to participate in

---

[3] Goodloe filed an amended application on February 17, 2006.

-4-

the hearing. The hearing examiner recommended "[n]one of the time [Goodloe] spent on parole shall be credited from the date of his release (4/13/98) to the date the warrant was executed (11/12/2002)." (R. Vol. I at 146.) He further recommended Goodloe remain incarcerated until the expiration of his sentence. The Parole Commission concurred with the recommendation. The Notice of Action, dated March 13, 2006, stated the decision was not appealable.

The Parole Commission filed an answer to Goodloe's § 2241 petition. It argued the petition should be dismissed for failure to exhaust administrative remedies but also addressed the merits of Goodloe's claims. The Commission recognized that because Goodloe sought to enjoin a hearing that had already taken place, "Goodloe presumably wants some relief in the nature of being completely released from federal parole." (R. Vol. I at 52.) The Commission interpreted Goodloe's third claim for relief as addressing the February 16, 2005 Notice of Action. It argued it "acted lawfully in reopening Goodloe's case to conduct a reconsideration hearing." (*Id.* at 66.) It claimed "a parolee who has been convicted of a crime automatically forfeits the time he spent on parole [street time]." (*Id.* at 67.)

The magistrate judge interpreted all of Goodloe's claims as challenging the May 2003 parole revocation. He recommended Goodloe's petition be dismissed with prejudice for failure to exhaust administrative remedies because he did not appeal the May 2003 revocation to the National Appeals Board. The magistrate

judge determined Goodloe's claims were procedurally barred because of his failure to exhaust and he neither demonstrated cause and prejudice for the default nor argued the court's failure to consider the claims would result in a miscarriage of justice. Goodloe submitted written objections to the magistrate's recommendation specifically referencing the February 28, 2006 hearing. The district court adopted the magistrate judge's recommendation and dismissed Goodloe's petition for failure to exhaust administrative remedies.

Goodloe filed a motion for a certificate of appealability (COA), which the district court denied.[4] The district court also denied Goodloe's motion for leave to proceed *in forma pauperis* (*ifp*) finding the appeal "is not taken in good faith because [Goodloe] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (R. Vol. I at 189). Goodloe filed a request to proceed *ifp* with this Court. On May 13, 2009, we issued an order denying Goodloe's request to proceed *ifp*. Goodloe paid the filing fee in full on June 8, 2009.

On July 20, 2009, we issued an Order requesting an answer brief from the Appellees and permitting Goodloe to file a reply brief. We stated:

---

[4] The district court's order denying Goodloe's motion for a COA mistakenly refers to the underlying action as involving 28 U.S.C § 2254. A federal prisoner proceeding under 28 U.S.C. § 2241 is not required to obtain a COA to appeal from a district court's denial of his petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

> It appears Goodloe has fully served and been released from his federal sentence. All parties are invited to address whether this appeal is moot. *See Garlotte v. Fordice*, 515 U.S. 39 (1995); *Aycox v. Lytle*, 196 F.3d 1174, 1176 n.2 (10th Cir. 1999); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). Appellees may do so in their response brief and Goodloe may do so in his reply brief.

(No. 09-1017 (10th Cir. July 20, 2009)).

## II. DISCUSSION

Prior to seeking relief under § 2241, a federal prisoner must exhaust administrative remedies. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) ("[T]he general requirement that a petitioner under § 2241 must exhaust available state remedies . . . extends to the exhaustion of *administrative* remedies as well."). The district court dismissed Goodloe's petition because it determined he failed to exhaust administrative remedies, interpreting all of his claims as challenging the May 2003 parole revocation.

Goodloe's third claim for relief appears to challenge the February 16, 2005 Notice of Action, which stated a special reconsideration hearing would be scheduled to address forfeiture of the time Goodloe spent on parole—his "street time."[5] The February 16, 2005 Notice of Action was not appealable; nor was the March 13, 2006 Notice of Action, which contained the Parole Commission's

---

[5] Notably, even the Parole Commission did not argue Goodloe failed to exhaust administrative remedies as to his third claim for relief.

-7-

decision resulting from the special reconsideration hearing. Thus, it appears Goodloe did not fail to exhaust his administrative remedies as to his third claim for relief.

Before considering the merits of Goodloe's appeal, however, we must determine whether this appeal is moot. *See Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (recognizing mootness as "a threshold inquiry"). Federal courts are authorized to review only actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green*, 568 F.3d at 794 (quotations omitted).

Goodloe was released from federal custody on July 8, 2005. At the time he filed his application for writ of habeas corpus (February 7, 2006), he was incarcerated with the Colorado Department of Corrections and was on parole for the federal offense. In his habeas application, he stated he sought to enjoin the hearing scheduled for February 28, 2006. That hearing took place notwithstanding Goodloe's request. On August 6, 2008, Goodloe was mandatorily released based on his good time credits even though his full term

-8-

does not expire until April 4, 2011. *See* 18 U.S.C. § 4163 ("[A] prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."). Thus, he is deemed released on parole until October 6, 2010.[6] *See* 18 U.S.C. § 4164 ("A prisoner having served his term . . . less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term . . . for which he was sentenced less one hundred and eighty days."). On appeal, Goodloe does not challenge his underlying conviction; instead, he argues his sentence should have "expired [on] March 3, 2006 less 180 Days." (Appellant's Opening Br. at 4.) The only question remaining is whether Goodloe's mandatory release renders his appeal moot.

"When an incarcerated criminal defendant appeals his conviction, the ongoing incarceration constitutes an injury from which the defendant seeks relief in satisfaction of Article III." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). If the defendant completes his sentence prior to the appellate court decision, we will presume that sufficient collateral consequences follow the underlying judgment and the completed sentence to satisfy Article III. *See id.* That presumption does not apply, however, where a petitioner is appealing from a parole revocation. In *Spencer v. Kemna*, the Supreme Court "decline[d] to

---

[6] It appears Goodloe may be released from state custody on June 5, 2010. He will not be subject to further action by the Parole Commission unless he "get[s] into trouble again (presumably due to his own volitional actions)." (Appellee's Supp. Statement of Apparent Factual Error in Appellee's Answer Br. at 2.)

presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation."[7]  523 U.S. 1, 14 (1998).  "[T]he [*Spencer*] Court held that when a defendant challenges a parole revocation but has completed the sentence imposed upon revocation, the defendant bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation."[8]  *Meyers*, 200 F.3d at 719.

Goodloe has not met this burden.[9]  In his reply brief, he states he

---

[7] *Spencer* did not involve a pre-guidelines sentence.  However, *Spencer*'s holding has been applied to cases arising under the pre-guidelines sentencing regime.  *See, e.g.*, *Fletcher v. United States Parole Comm'n*, 550 F. Supp. 2d 30, 44 (D.C. Cir. 2008) (stating "[the] conclusion is inescapable under *Spencer*" that petitioner's case seeking a writ of habeas corpus relating to his 1978 rape conviction is moot because he has already obtained his objective of securing release on reparole).

[8] In arriving at its decision in *Spencer*, the Supreme Court built upon its decision in *Lane v. Williams*, 455 U.S. 624 (1982).  *See Meyers*, 200 F.3d at 719.  In *Lane*, the Court held where an appellant elects to attack only his sentence and that sentence expires during the course of the proceedings, the appeal is moot.  455 U.S. at 631.  In *Vandenberg v. Rodgers*, an appellant sought to appeal from the dismissal of his habeas corpus petition claiming his parole date was wrongly delayed arguing, *inter alia*, "he should have received good-time credits towards an early parole."  801 F.2d 377, 377 (10th Cir. 1986).  We held the appeal was moot because the appellant "is not attacking his underlying conviction" and "[was] already released from custody on parole."  *Id.* at 378.  Similarly, in *Johnson v. Riveland*, we held an appellant's challenge to the denial of credit against the minimum term of his sentence (which determined his initial parole date) was moot because he had already been granted parole.  855 F.2d 1477, 1480 (10th Cir. 1988).  We noted the appellant "[was] not challenging his convictions or sentence, but only the way that his minimum sentence was computed."  *Id.* at 1481.  Even without considering possible collateral consequences, these cases suggest Goodloe's case is moot because he is challenging only his sentence, which he claims should have expired earlier than it did.

[9] Though the burden was on Goodloe, not the government, the Parole Commission's brief is disappointing.  The Commission does not discuss any of the cases

-10-

"BELIEVES THAT COLLATERAL CONSEQUENCES AN EXCEPTION TO THE MOOTNESS DOCTRINE SHOULD APPLY TO HIS HABEAS CORPUS PETITION." (Appellant's Reply Br. at 2.) He does not particularize this claim. He cites a number of cases which set forth the parameters of the collateral consequences exception but does not specifically state what collateral consequences he faces. The fact his parole may again be revoked if he violates the law upon his release from state confinement "does not constitute a sufficient collateral consequence to defeat mootness." *See Meyers*, 200 F.3d at 722; *Spencer*, 523 U.S. at 15-16. Goodloe also claims his state conviction is "an illegal sentence" but, even if true, that would not be a collateral consequence of the allegedly wrongful revocation of his federal parole. (Appellant's Reply Br. at 2.)

Additionally, Goodloe argues his case presents a situation that is capable of repetition yet evading review, an exception to the mootness doctrine which "applies only in exceptional circumstances." *Spencer*, 523 U.S. at 17 (quotations omitted). This exception will rescue a moot controversy only if: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining

we referenced in our Order requesting supplemental briefing. It simply asserts Goodloe's case is moot because he "cannot be given anything of legal substance." (Appellee's Br. at 8.) While the Commission cannot be expected to respond to every possible argument, its conclusory argument is of little aid.

party will be subject to the same action again."[10] *Id.* (quotations omitted).  The

present case satisfies neither of these conditions.  Like the petitioner in *Spencer*,

Goodloe "has not shown . . . that the time between parole revocation and

expiration of sentence is always too short as to evade review.  Nor has he

demonstrated a reasonable likelihood that he will once again be paroled and have

the parole revoked."  *See id.* at 18.

**DISMISSED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[10] "The classic modern application of the capable-of-repetition exception is in an abortion case, such as *Roe v. Wade* [410 U.S. 113 (1973)]."  Matthew I. Hall, *The Partially Prudential Doctrine of Mootness*, 77 GEO. WASH. L. REV. 562, 579 (April 2009).

> A plaintiff's challenge to a restriction on her right to obtain an abortion is
> inherently short-lived, and will always be rendered moot by events—either
> by birth or by termination of the pregnancy—prior to completion of
> appellate review.  Thus, unless an exception were applied, the conventional
> doctrine would require that a court dismiss the case as moot.

*Id.* (footnotes omitted).