**Robert W. STAUDMIER, Petitioner-Appellant,**

v.

**UNITED STATES of America, and Warden S. J. Britton, U. S. Penitentiary, Leavenworth, Kansas, Respondent-Appellee.**

No. 73–1809.

United States Court of Appeals, Tenth Circuit.

Submitted May 9, 1974.

Decided June 3, 1974.

Robert W. Staudmier, pro se.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant Staudmier, an inmate of the United States Penitentiary, Leavenworth, Kansas, petitioned the United States District Court for the District of Kansas for habeas corpus relief. In support of the petition, Staudmier alleged that prison authorities failed to properly aggregate his sentences as provided by 18 U.S.C. § 4161; that good time credit was therefore earned at a rate lower than that to which he was entitled; and that he is, as a result, being held past his expiration date and is entitled to immediate release. The district court found these contentions to be without merit and denied relief. We affirm.

Staudmier's incarceration is the result of a number of convictions. He was convicted of bank robbery on October 30, 1964; bank robbery, escape from a U.S.

Marshall and assaulting a guard employed by the U.S. Marshall on March 25, 1965; and attempted escape on June 13, 1967. Sentences as a result of the 1964 and 1965 convictions were imposed pursuant to the Youth Corrections Act (18 U.S.C. § 5010) and were to run concurrently to one another. The sentence following the 1967 conviction was not imposed pursuant to the Youth Corrections Act and was to run consecutively to the earlier sentences. Staudmier was paroled on February 16, 1972 from the sentences imposed under the Youth Corrections Act and, at that time, began serving the 1967 sentence.

In the instant proceedings, Staudmier contends that the 1967 sentence which he is now serving should have been aggregated pursuant to § 4161 with the earlier sentences imposed under the Youth Corrections Act. We find no merit to this contention. By its very terms, § 4161 is applicable only to sentences to a definite term. Staudmier's 1967 sentence to five years confinement is such a definite term. However, youthful offenders sentenced pursuant to 18 U.S.C. § 5010 are sentenced to the custody of the Attorney General for treatment and supervision until discharged as provided by 18 U.S.C. § 5017. Such sentences are thus for indeterminate terms. Hale v. United States, 307 F.Supp. 345 (D.C.Okl.1970). See also, United States v. Hartford, 489 F.2d 652 (5th Cir. 1974); United States v. Smith, 464 F.2d 194 (10th Cir. 1972). The aggregation provisions of 18 U.S.C. § 4161 are therefore clearly inapplicable to sentences imposed under the Youth Corrections Act.

Upon docketing, the parties were notified that we were considering summary affirmance and of their respective rights to oppose or support such action. Staudmier responded with a short letter in opposition to summary affirmance. Nevertheless, after carefully and thoroughly reviewing the records and files of this case, we have concluded that the action of the district court was correct.

Affirmed.