Paul Willoughby GRANVILLE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2151
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 10, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Paul Willoughby Granville, pro se.

C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BROWN, KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

■ Since the District Court's denial of Paul Willoughby Granville's 28 U.S.C.A. § 2255 motion and the subsequent docketing of this appeal, it has come to the Court's attention that on July 9, 1979, Granville was released from prison on parole. This development moots two of Granville's contentions relating to failure of the Parole Commission to grant him parole. Granville's remaining contentions concern his conviction and sentence in one of four felonies which he has committed. That conviction was for bank robbery, in violation of 18 U.S.C.A. §§ 2 & 2113(a), and an eight-year sentence was assessed. Granville contends that the conviction was invalid and the sentence excessive.

■ Because of various collateral consequences we must review an attack on a conviction even though the prisoner is discharged from physical custody during the pendency of appeal. *Carafas v. Lavallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Hudson v. Alabama,* 493 F.2d 171, 172 n. 1 (5th Cir. 1974).[1] Granville attacks this conviction by arguing that the crime of bank robbery requires physical presence at the scene of the crime. But Granville was charged with aiding and abetting, and his

conviction was supported by evidence of participation and overt acts in furtherance of the robbery. Consequently, Granville's first contention is wholly without merit. *United States v. McGhee,* 448 F.2d 781 (5th Cir.), *cert. denied,* 417 U.S. 949, 971, 94 S.Ct. 3077, 3176–77, 41 L.Ed.2d 670, 1142–43 (1974); *United States v. Henson,* 456 F.2d 1045 (8th Cir. 1972).

■ Granville secondly contends that his sentence was excessive, both as a matter of law and because the Judge relied upon erroneous information in his presentence report. We have consistently allowed the District Court wide discretion in sentencing. Granville's sentence was within the statutory limits and the sentence was not an "arbitrary or capricious action amounting to a gross abuse of discretion." *United States v. Hayes,* 589 F.2d 811, 826–27 (5th Cir. 1979). The fact that other participants in the bank robbery received somewhat lesser sentences does not make Granville's sentence excessive. *Lucio v. United States,* 394 F.2d 511 (5th Cir. 1968).

■ The second alleged reason that the sentence was excessive was similarly rejected by the District Court. Granville claims that the presentence report incorrectly stated that he had been dismissed from a sales position because of an $18,000 commission fraud. But Granville has failed to make any sort of showing that this information was material and relied upon by the sentencing Judge. This is normally the petitioner's burden. *United States v. Rollerson,* 491 F.2d 1209, 1213 (5th Cir. 1974); *United States v. Trevino,* 490 F.2d 95, 96 (5th Cir. 1973); *Rogers v. United States,* 466 F.2d

---

1. Granville filed the instant motion on June 13, 1977. At that time he was incarcerated under sentences relating to other felonies, not under the bank robbery sentence at issue here. It appears that the bank robbery sentence was fully-served on March 29, 1977. But applying the liberal standard of *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, 653 (1972), Granville's *pro se* § 2255 motion adequately presents a motion "in the nature of a writ of error *coram nobis* . . . ." *United States v. Morgan,* 346 U.S. 502, 505, 74 S.Ct. 247, 249, 98 L.Ed. 248, 253 (1954). *See Grene*

*v. United States,* 448 F.2d 720–21 (5th Cir. 1971); *Johnson v. United States,* 344 F.2d 401, 409–10 (5th Cir. 1965). Our jurisdiction in the present case is therefore "of a limited scope, existing 'in those cases where the errors [are] of the most fundamental character, that is, such as render[ing] the proceeding itself irregular and invalid.'" *United States v. Addonizio,* 442 U.S. 178, 186, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 812 (1979) (quoting *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129, 136 (1914)).

513 (5th Cir.), *cert. denied*, 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 498 (1972). Under the limited scope of review applicable in this case, *see* note 1 *supra*, Granville's failure to sustain his burden defeats the presentence report argument. The District Court therefore properly upheld both the sentence and the conviction.

AFFIRMED.