**UNITED STATES of America, ex rel. Robert GRAHAM, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION, Respondent-Appellee.**

**No. 83–8540.**

United States Court of Appeals, Eleventh Circuit.

May 21, 1984.

John I. Spangler, III, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for respondent-appellee.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Robert Graham, the appellant, was convicted on federal charges of bank robbery and assault in 1973 and sentenced to fifteen years imprisonment. He filed an application for a writ of habeas corpus in 1978 alleging that certain regulations of the United States Parole Commission violated federal statutory requirements and also violated the ex post facto clause of the United States Constitution since they were promulgated after his conviction. The district court for the Northern District of Georgia dismissed the petition, but on appeal the case was remanded for an evidentiary hearing with regard to the Constitutional claim. *See United States ex rel. Graham v. United States Parole Commis-*

# 850

*sion,* 629 F.2d 1040 (5th Cir.1980). On remand, the district court granted the commission's motion for summary judgment, and Graham then filed this appeal. Several months later Graham was released from prison on parole, and the commission now argues that the case is moot. We agree.

In the proceedings below, Graham sought to establish that his chances for parole were significantly diminished by the commission's adoption and use of new regulations which changed the burden of proof for a prisoner seeking parole. These regulations were promulgated after Graham's conviction but they were applicable to his parole application, and thus Graham believes that the severity and burden of his punishment were increased in violation of the ex post facto clause. *See Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Of course, Graham's ultimate objective in bringing this action was to obtain parole. Since he has been released on parole in the interim, we find there no longer is a case or controversy to litigate. A favorable decision on the merits would not entitle Graham to any additional relief, and therefore he no longer has a "personal stake in the outcome." *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974); *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

Graham disagrees with our decision and seeks to avoid dismissal of his petition by arguing the applicability of two exceptions to the general rule of mootness. First, he contends that there is a reasonable expectation that he will be subjected again to the same challenged regulations. *See County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). He claims that if he violates any of the conditions to his parole, then the parole will be revoked and he would return to prison to face the same regulations in seeking another parole. We believe this potential controversy is too speculative for adjudication. *See Hinman v. United States,* 730 F.2d 649 (11th Cir.1984). Second, Graham argues that there are "collateral consequences" attached to his release on parole

which preserve a live controversy. In other words, he claims this case is not moot since the conditions of his parole severely circumscribe his freedom. *See Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). We find that this exception to the mootness doctrine is wholly inapplicable to the case. "Collateral consequences" may operate to keep a controversy alive when a defendant challenges the propriety of his conviction, but Graham only challenges the commission's requirements for obtaining parole. Even if we decided the merits of Graham's claim in his favor, the conditions of his parole would remain as they are.

For these reasons, we find this case is moot. The order of the district court is

VACATED and REMANDED with instructions to DISMISS.