**Ricardo Michael SCOTT Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 85–1302.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1985.

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner-appellant.

Robert N. Miller, U.S. Atty., and Douglas W. Curless, Asst. U.S. Atty., Denver, Colo., for respondent-appellee.

Before BARRETT, SETH and McWILLIAMS, Circuit Judges.

·PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant, Ricardo Scott, appeals from the dismissal of his petition for a writ of habeas corpus in the United States District Court for the District of Colorado. The issue before this court is whether an offender sentenced under the Youth Corrections Act (YCA) who has violated the terms of his parole is entitled to good time credits for time served in a correction facility which failed to separate him from adult inmates in contravention of the mandate of the Youth Corrections Act.

In November of 1979 the appellant was sentenced under the YCA, 18 U.S.C. § 5010(b), to a 0–6 year term pursuant to a burglary conviction in the United States District Court for the Eastern District of California. Until his parole in March of 1981, the appellant was incarcerated at the Federal Correctional Institution at Lompoc, California which did not segregate YCA offenders from adult inmates, thereby depriving the appellant of the benefits intended under the YCA. Also in 1981, this court ruled that the Bureau of Prisons could not incarcerate offenders sentenced under the YCA in institutions which do not segregate such offenders from adult inmates and remain in compliance with the mandate of the Youth Corrections Act. *Watts v. Hadden*, 651 F.2d 1354, 1366 (10th Cir.). Since *Watts v. Hadden* the appellant has not been incarcerated with adult inmates in violation of the YCA. In January of 1984, a parole revocation hearing was convened to consider appellant's burglary conviction in July of 1983 and a failure to fully report charge. The result of this hearing was that appellant was continued to expiration in June 1985. In September of 1984 appellant was transferred from the Federal Correctional Institution at Englewood, Colorado back to F.C.I., Lompoc. Appellant's petition for a writ of habeas corpus contends that he is entitled to good time credits on his sentence for the period of time he was

incarcerated at F.C.I., Lompoc in violation of the YCA.

■ The core purpose of the Youth Corrections Act is rehabilitation. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855. An offender sentenced under the YCA usually receives an indeterminate sentence during which he is entitled to a comprehensive rehabilitation program. 18 U.S.C. § 5010(b). Because the offender is not given an early release unless it is determined that progress is being made toward rehabilitation, it is possible that a youthful offender sentenced under the YCA may serve a longer sentence than would someone else convicted of the same offense but not sentenced under the Act. Thus the rehabilitation and other benefits mandated by the YCA "may be regarded as comprising the *quid pro quo* for a longer confinement but under different conditions and terms than a defendant would undergo in an ordinary prison." *Carter v. United States*, 306 F.2d 283, 285 (D.C.Cir.).

As mentioned above, in *Watts v. Hadden*, 651 F.2d 1354 (10th Cir.), this court held that a failure to segregate the YCA offenders from adult inmates denies the YCA offenders the benefits of the YCA. And although this court has recognized that the awarding of good time credits is inconsistent with the framework of the YCA, *Staudmier v. United States*, 496 F.2d 1191, 1192 (10th Cir.), the allowance of good time credits has been made to remedy instances where an offender is sentenced to the longer sentence under the YCA but is denied the benefits he is entitled to under the YCA. *Johnson v. Rodgers*, 756 F.2d 79 (10th Cir.). Where an offender "was not accorded the rehabilitative opportunities that were the *quid pro quo* for his longer sentence, he is entitled, in equity and conscience, to the good-time credit he would have earned had he been serving an adult sentence." 756 F.2d at 81.

Appellant here seeks the granting of good time credits as equitable relief for the Bureau of Prisons' failure to incarcerate him separately from adult inmates. The district court dismissed appellant's request concluding that first, the concept of good time credits is inconsistent with the statutory procedures under the YCA; and second, the appellant was not deserving of equitable relief in light of his subsequent burglary conviction constituting a parole violation.

While we must agree with the district court's characterization of good time credits for time served as being technically inconsistent with the YCA framework, *Staudmier v. United States*, 496 F.2d 1191 (10th Cir.), we must also recognize the propriety of granting such credits as an equitable remedy to an offender sentenced under YCA and yet deprived of any of the benefits mandated by the Act. *See Johnson v. Rodgers*, 756 F.2d 79 (10th Cir.).

■ However, we agree with the district court's conclusion that the appellant is not entitled to good time credits for being incarcerated with adult inmates. As recognized in *Johnson v. Rodgers*, the allowance of good time credits in such circumstances is an equitable remedy and as such should only be granted where "in equity and conscience" the petitioner is so entitled. The district court's conclusion that the equities did not favor the granting of such relief in light of the appellant's burglary conviction subsequent to his parole is consistent with the conclusions of other courts confronted with parole violators seeking similar relief. Although the district court did grant good time credits for a failure to segregate YCA offenders from adult inmates, such relief was not accorded offenders who had violated the terms of their parole. *Johnson v. Bell*, 487 F.Supp. 977, (E.D.Mich.), *Johnson v. Smith*, No. 78–71747, slip op. at 3 (E.D. Mich. March 18, 1983) (remedial order). Similarly, in *Hernandez v. Rodgers*, No. 84–2353 (Order and Judgment) (10th Cir. July 24, 1985), this court affirmed the denial of good time credits on the ground that petitioner's violation of the terms of his parole prevented the award of equitable relief.

Accordingly, we agree with the trial court's dismissal of appellant's petition for writ of habeas corpus.

AFFIRMED.