**Kenneth B. VANDENBERG, Petitioner-Appellant,**

v.

**George H. RODGERS, Respondent-Appellee.**

**No. 85–1401.**

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1986.

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner-appellant.

Robert N. Miller, U.S. Atty., and Douglas W. Curless, Asst. U.S. Atty., Denver, Colo., for respondent-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

Appellant Kenneth Vandenberg appeals from a district court's dismissal of his petition for a writ of habeas corpus. In his writ, he argues that his parole date was wrongly delayed for two reasons. First, he argues that prison officials wrongfully filed an incident report because he refused to return to the general prison population. Mr. Vandenberg claims that he refused to return because his life had been threatened, and that prison officials violated his constitutional right to protection by denying his request for protective custody and by filing the incident report.

Second, he argues that he was wrongly denied good-time credits toward an earlier parole date. Mr. Vandenberg had been sentenced under the Youth Correction Act (YCA). 18 U.S.C. §§ 5005–5026 (1982), *repealed by* Comprehensive Crime Control Act of 1984, ch. 58, § 218(g), 98 Stat. 1837, 2027. Under YCA, a young offender could participate in special rehabilitation programs. In exchange, the young offender received a potentially longer sentence and could not receive good-time credits towards parole. *See Staudmier v. United States,* 496 F.2d 1191 (10th Cir.1974). Mr. Vandenberg argues that, because he was denied the rehabilitation benefits of the YCA while he was in protective custody, he should have received good-time credits towards an early parole. He also argues

that he should have received good-time credits for time spent in facilities in which he was not separated from adult offenders.

We hold that Mr. Vandenberg's appeal is moot. His petition for habeas corpus merely challenges determinations that delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments. *United States ex rel Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir.1984); *Brady v. United States Parole Commission*, 600 F.2d 234, 236 & n. 2 (9th Cir.1979); *Granville v. United States*, 613 F.2d 125, 126 (5th Cir.1980); *cf. Napier v. Gertrude*, 542 F.2d 825, 826 (10th Cir.1976), *cert. denied*, 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 765 (1977) (minor's release from juvenile institution makes her habeas corpus case moot). Mr. Vandenberg is not attacking his underlying conviction. Thus, this case is distinguishable from decisions rejecting a claim of mootness because a petitioner faces continuing negative consequences as a result of a defective conviction. *See Evitts v. Lucey*, 469 U.S. 387, 391 n. 4, 105 S.Ct. 830, 833 n. 4, 83 L.Ed.2d 821 (1985); *Rutledge v. Sunderland*, 671 F.2d 377 (10th Cir.1982). Mr. Vandenberg faces no collateral consequences from our decision to dismiss his appeal. *See Lane v. Williams*, 455 U.S. 624, 632 & n. 13, 102 S.Ct. 1322, 1327 & n. 13, 71 L.Ed.2d 508 (1982); *Graham*, 732 F.2d at 850. Moreover, this case does not present an issue that is capable of repetition yet evading review. Our previous decisions discussing the provision of good-time credits under the YCA indicate that the issue has not evaded review. *See Johnson v. Rodgers*, 756 F.2d 79 (10th Cir. 1985); *Scott v. United States*, 778 F.2d 1444 (10th Cir.1985). Finally, the possibility that Mr. Vandenberg might be subjected to future adverse consequences because of his incident report is too speculative. *See Lane*, 455 U.S. at 633–34, 102 S.Ct. at 1328; *Graham*, 732 F.2d at 850. If Mr. Vandenberg ever returns to prison and is adversely affected by that report, he may institute a new petition for a writ of habeas corpus at that time.

DISMISSED.