### Daniel S. GAHAGAN, Petitioner,

v.

### U.S. PAROLE COMMISSION, Respondents.

### No. 89–3456–R.

United States District Court, D. Kansas.

Feb. 27, 1990.

Daniel S. Gahagan, Denver, Colo., pro se.

### ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner originally filed this action while confined at the Leavenworth Prison Camp, Leavenworth, Kansas, challenging the Parole Commission's computation of his parole date. Petitioner claimed that: (1) the Parole Commission acted unconstitutionally by denying petitioner parole on the basis of offenses that petitioner was never charged with; (2) the Parole Commission was incorrect in concluding that petitioner was in possession of weapons during the commission of a drug offense; (3) the Parole Commission violated petitioner's due process rights by exceeding the parole guidelines on the basis of a possession of weapons charge; and (4) the Parole Commission's decision should not be affected by petitioner's failure to file income tax returns. In his petition, petitioner asked the court to order his immediate release from confinement.

The court finds that this action should be dismissed as moot. Petitioner has been released from custody since the filing of this petition and his special curfew parole is scheduled to end on February 29, 1990. Therefore, a resolution of the merits of this case would serve no benefit to petitioner because he has received the relief requested in his petition. Moreover, no collateral consequences can occur from the alleged constitutional deprivations. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir.1986). Accordingly,

IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.