986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James A. GONDERMAN, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-3627.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 11, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 James Gonderman appeals the denial of his motion to correct his sentence. 28 U.S.C. § 2255.
 
 
 2
 In 1989, the district court sentenced Gonderman to two-years imprisonment for possession with intent to distribute cocaine and for income tax fraud. Because Gonderman had presented evidence showing that he suffered from a serious medical condition, the district court recommended a medical facility close to Gonderman's home as his place of confinement.
 
 
 3
 Despite the court's recommendation, Gonderman believed that he received inadequate medical care in prison, and filed a motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255. In the motion, Gonderman claimed that the court imposed cruel and unusual punishment by failing to "order specific medical care." Gonderman asked the district court to amend its post-sentencing order to include medical recommendations. Gonderman's motion was denied on October 25, 1991, over four months after his release from federal prison. Gonderman now appeals from the denial.
 
 
 4
 We affirm the dismissal of Gonderman's motion, although on grounds other than those relied upon by the district court. We find the motion moot because the "relief sought would [not] ... make a difference to the legal interests of the parties." Air Line Pilots Ass'n International v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir.1990). Gonderman challenges only the district court's refusal to recommend medical care, a denial that no longer affects his legal interests. Because Gonderman has been released from prison onto special release, he no longer needs prison-provided medical care[1].
 
 
 5
 The Supreme Court's opinion in Carafas v. La Vallee, 391 U.S. 234, 237 (1968) does not contradict our decision here. In Carafas, the Court held that a challenge to an unlawful conviction remains viable even after the expiration of the sentence. Id. The Court noted that a defendant convicted of a crime may suffer collateral consequences, including civil disabilities and future sentencing enhancements. Id. Because a successful § 2255 motion may remove these consequences, the defendant possesses an interest in his motion after his release. Id.
 
 
 6
 A later Supreme Court case is more analogous to Gonderman's case. See Lane v. Williams, 455 U.S. 624, 631 (1982). In the analogous case, the appellant, Lane, claimed a judge accepted his guilty plea without discussing a mandatory parole term. Id. at 626. After Lane's release on parole and his later incarceration for a parole violation, he petitioned for a writ of habeas corpus, asking the court to eliminate the parole term. Id. at 627-28. The district court granted the writ, and the State appealed. Id. While the appeal was pending, Lane's parole term expired, and he left State custody. Id. The Supreme Court, thus, dismissed the petition as moot, holding that the parole term itself caused no lasting detriment. Id. at 631. As the Court found, "[s]ince respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot." Id.
 
 
 7
 Like Lane, Gonderman challenges his sentence, not his conviction. Because the challenged portion of his sentence has expired, his motion is moot. See Vandenberg v. Rodgers, 801 F.2d 377 (10th Cir.1986). We accordingly AFFIRM on grounds other than those relied upon by the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 If Gonderman's release is revoked, he can request a health-care recommendation at that time. See United States v. Dillard, 910 F.2d 461 (7th Cir.1990) (the district court has wide discretion to fashion incarceration after a violation of supervised release)