992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
Joe QUINTANA, U.S. Probation Officer; Richard Miklic, named
as Chief U.S. Probation Officer; United States
Parole Commission, Respondents-Appellees.
 No. 92-1207.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before McKAY, Chief Judge, and SEYMOUR and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before us on appeal from the district court's dismissal of Mr. Green's petition for writ of habeas corpus in which he sought to challenge certain conditions attached to his mandatory release supervision. Petitioner is no longer on release, having been subsequently convicted on state charges of sexual assault, criminal extortion, and being an habitual offender.
 
 
 3
 We AFFIRM the district court's dismissal of the petition for substantially the reasons set forth in the recommendation of the magistrate judge, a copy of which is attached to this order and judgment.
 
 
 4
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 
 6
 CLOVIS CARL GREEN, Petitioner,
 
 
 7
 v.
 
 
 8
 JOE QUINTANA, U.S. Probation Officer, CHIEF U.S. PROBATION
 
 
 9
 OFFICER and U.S. PAROLE COMMISSION, Respondents.
 
 
 10
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 11
 RICHARD M. BORCHERS, United States Magistrate Judge.
 
 
 12
 Petitioner Clovis Carl Green, while on mandatory release supervision for a federal sentence, initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the terms and conditions of his mandatory release violate his rights under the United States Constitution.
 
 
 13
 Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court of the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. Upon a review of the petition and the applicable law, a recommendation is made that the petition be dismissed.
 
 
 14
 As Petitioner is representing himself, his petition will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A petition must be dismissed if, accepting the allegations as true, it appears beyond doubt that Petitioner can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 15
 Since Petitioner filed this petition, he was arrested in Denver on new state criminal charges, and the Parole Commission issued a violator warrant. The petition challenges the specific conditions that had been placed on Petitioner's mandatory release and requests this Court to remove those restrictions. Because Petitioner has now been reincarcerated, there does not appear to be a live case or controversy at this time. A favorable determination on this petition would not entitle Petitioner to any benefits at this point, and Petitioner no longer has a personal stake in the outcome of this case. Thus, the petition should be dismissed as moot. See Weinstein v. Bradford, 423 U.S. 147 (1975); O'Shea v. Littleton, 414 U.S. 488 (1974); United States ex rel. Graham v. U.S. Parole Commission, 732 F.2d 849 (11th Cir.1984).
 
 
 16
 In any event, the terms and conditions placed on Petitioner's mandatory release did not violate Petitioner's constitutional rights. Parole conditions must be sustained if there is a rational basis in the record for them. Bagley v. Harvey, 718 F.2d 921, 925 (9th Cir.1983). Because parole is an extension of confinement, limitations resulting in diminished income or restricted living or travel arrangements during the time of parole or mandatory release supervision do not result in a constitutional violation. Bricker v. Michigan Parole Board, 405 F.Supp. 1340, 1343-44 (E.D.Mich.1975). The purpose of parole or mandatory release supervision is to assist an individual in an effort to re-integrate himself into society. Therefore, legitimate state interests warrant placing some conditions on the individual's behavior. Morrissey v. Brewer, 408 U.S. 471, 477-80 (1972). Such restrictions do not rise to the level of violating Petitioner's rights under the First Amendment.
 
 
 17
 [W]hen a convict is conditionally released on parole, the government retains a substantial interest in ensuring that its rehabilitative goal is not frustrated and that the public is protected by further criminal acts by the parolee.
 
 
 18
 Birson v. King, 469 F.2d 1242, 1243 (2d Cir.1972).
 
 
 19
 The U.S. Parole Commission has spent substantial time evaluating Petitioner. He has received three parole hearings prior to being mandatorily released. Numerous assessments and evaluations have been prepared regarding Petitioner. (See Exhibits B, C, D, I and M to Government's Response). The conditions attached to Petitioner's mandatory release were not arbitrary, capricious or an abuse of discretion. Rather, the conditions were carefully considered decisions on how best to facilitate Petitioner's rehabilitation.
 
 
 20
 IT IS THEREFORE RECOMMENDED that Petitioner Clovis Carl Green's petition be dismissed.
 
 
 21
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten days after service hereof to file any written objections with the assigned District Judge. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 22
 IT IS FURTHER ORDERED that a copy of Local Rule 605 be attached to the copy of this Recommendation sent to Petitioner.
 
 
 23
 DATED and ENTERED this 8 day of April, 1992.
 
 LOCAL RULES OF PRACTICE
 Rule 605
 Prisoner Petitions
 
 24
 A. Subject to provisions of the United States Supreme Court Rules governing § 2254 and § 2255 cases, the uniform rules of ancillary forms for use in the district courts within the Tenth Circuit have been adopted. These rules apply to pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 and motions under Rule 35, Federal Rules of Criminal Procedure, and to civil rights complaint under 42 U.S.C. § 1983. Copies of the uniform rules and ancillary forms shall be made available upon request made to the clerk.
 
 
 25
 B. When presented for filing, pro se petitions under 28 U.S.C. § 2241, § 2254, and pro se complaint under 42 U.S.C. § 1983 shall be delivered to a magistrate who shall review the motion and affidavit to proceed in forma pauperis and rule thereon in accordance with 28 U.S.C. § 1915. If the motion is granted, the magistrate shall promptly review the file and, if there is any basis for jurisdiction and possible merit, the magistrate shall direct the clerk to make service of process.
 
 
 26
 C. If the magistrate determines that the case may be dismissed pursuant to 28 U.S.C. § 1915(d) or F.R.Civ.P. 12, the magistrate shall prepare a recommendation and appropriate order for consideration by a district judge, who shall at that time be selected as provided in Rule 200.
 
 
 27
 D. These cases shall be assigned to a district judge drawn by lot and to a designated magistrate. The assigned magistrate shall review promptly all further pleadings and may:
 
 
 28
 1. Issue such orders as may be needed to obtain a complete record.
 
 
 29
 2. Conduct such evidentiary hearings as may be necessary, including the conduct of on-site depositions and investigations.
 
 
 30
 3. Prepare appropriate findings and recommendations for consideration by the district judge, copies of which shall be mailed to the parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are timely filed, the magistrate's proposed findings and recommendations may be accepted by the district judge and appropriate orders entered without further notice.
 
 
 31
 4. Obtain the expected release date of inmates filing complaints under 42 U.S.C. § 1983 to determine when plaintiffs may be available for trial.
 
 
 32
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Case No. 92-N-320
 
 33
 Clovis Carl Green, Jr.
 
 Denver County Jail, Box 1108
 Denver, CO 80202
 David Conner
 Assistant U.S. Attorney
 
 34
 I certify that I mailed a copy of the attached to the person listed above on April 8, 1992.
 
 
 35
 /s/ Jody Gourley
 
 Secretary/Deputy Clerk
 
 36
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 92-N-320
 
 37
 CLOVIS CARL GREEN, Petitioner,
 
 
 38
 v.
 
 
 39
 JOE QUINTANA, U.S. Probation Officer, CHIEF U.S. PROBATION
 
 
 40
 OFFICER and U.S. PAROLE COMMISSION, Respondents.
 
 
 41
 ADDENDUM TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 42
 RICHARD M. BORCHERS, United States Magistrate Judge.
 
 
 43
 THIS MATTER comes before the Court on Petitioner's April 17, 1992 filing of a motion for immediate evidentiary hearing. On April 15, 1992, the Court recommended that Petitioner's petition be dismissed.
 
 
 44
 There is nothing in the motion which would indicate that dismissal of the petition is inappropriate.
 
 
 45
 IT IS THEREFORE RECOMMENDED that the previous Recommendation be followed, and Petitioner Clovis Carl Green's petition be dismissed.
 
 
 46
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of Practice of the United States District Court for the District of Colorado, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed.R.Civ.P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objection to proposed findings and recommendations contained in this report may bar the party from a de novo determination be the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985) Moore v. United States, 950 F.2d 656 (10th Cir.1991); Neihaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 47
 It is further ORDERED that the clerk of the United States District Court shall attach to a copy of this recommendation for Petitioner a copy of Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado.
 
 
 48
 Dated at Denver, Colorado, this 21st day of April, 1992.
 
 
 49
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Case No. 92-N-320
 
 50
 Clovis Carl Green, Jr.
 
 Denver County Jail, Box 1108
 Denver, CO 80202
 David Conner
 Assistant U.S. Attorney
 
 51
 I certify that I mailed a copy of the attached to the person listed above on April 22, 1992.
 
 
 52
 /s/ Jody Gourley
 
 Secretary/Deputy Clerk
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3