12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane H. DAVIS, Petitioner-Appellant,
v.
Joseph BOGAN; U.S. Parole Commission; Carol M.
Pavilack-Getty; United States of America,
Respondents-Appellees.
 No. 93-1598.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1993.
 
 E.D.Mich., No. 92-75393; Gadola, J.
 E.D.Mich.
 AFFIRMED.
 Before: MERRITT, Chief Judge; SUHRHEINRICH, Circuit Judge, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner, Duane H. Davis, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was originally sentenced to three concurrent fifteen year terms of imprisonment for conspiracy to possess with intent to distribute heroin, conspiracy to import heroin and possession with intent to distribute heroin. The charges of conspiracy to possess with intent to distribute and conspiracy to import heroin were vacated by this court in United States v. Davis, 809 F.2d 1194, 1210 (6th Cir.), cert. denied, 483 U.S. 1007 (1987). Petitioner's conviction for possession with intent to distribute heroin was affirmed. Id. He was also sentenced to a consecutive ten year term of imprisonment for engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848. Petitioner was eligible for parole on the fifteen year term after service of one-third of the sentence. 18 U.S.C. Sec. 4205(a). He is not eligible for parole on the continuing criminal enterprise sentence. 21 U.S.C. Sec. 848(d).
 
 
 3
 Seeking to advance his parole date, petitioner argued that he was denied "equal protection and benefits [sic] of law of the United States" because the Parole Commission refused to reopen his case under 28 C.F.R. Sec. 2.28(a). More specifically, petitioner argued that the Parole Commission should have reopened his case pursuant to Parole Commission Rule and Procedure Manual 2.20-03(A)(2) and (B). The essence of petitioner's claim is that the Commission should have granted his request to reopen his appeal in order to reevaluate his parole date.
 
 
 4
 The case was submitted to a magistrate judge who recommended that petitioner's application for habeas relief be denied. The district court adopted the magistrate judge's report as the opinion of the court over petitioner's objections and denied the petition. Upon review, we find no error.
 
 
 5
 The essence of petitioner's claim is that the Commission should have granted his request to reopen his appeal in order to reevaluate his parole date with respect to his non-parolable ten year sentence. There is no merit to petitioner's claim that he is entitled to additional consideration regarding his parole eligibility. The gravamen of his argument is that the Parole Commission's Rules and Procedures Manual somehow circumvents or supersedes 21 U.S.C. Sec. 848(d). Section 848(d) provides that a sentence imposed for a continuing criminal enterprise "shall not be suspended, probation shall not be granted, and the Act of July 15, 1932 [18 U.S.C. Sec. 4205(a) ] ..., shall not apply."
 
 
 6
 Petitioner is currently serving his non-parolable ten year sentence for a continuing criminal enterprise. Petitioner was sentenced under a statute which precluded parole consideration and at the time of the filing of this action, petitioner had already been awarded the earliest possible release date, had been released from the parolable fifteen year sentence, and had begun serving his non-parolable ten year sentence. Therefore, a recomputation of his release date would have no effect on petitioner's liberty. Moreover, because the sentence he is currently serving is non-parolable, the release date from the parolable fifteen year sentence can have no adverse collateral consequences on his current or future liberty. See Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir.1986).
 
 
 7
 In short, petitioner was sentenced under a statute which precluded parole eligibility. A rational basis exists for the Parole Commission's decision that its regulations cannot modify the statute's command. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987).
 
 
 8
 Accordingly, the district court order denying Davis's petition for a writ of habeas corpus is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court. Petitioner's motions for counsel, oral argument and bail pending appeal are denied.